IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.22-cr-20446-DIMITROULEAS
24-cr-20487-DIMITROULEAS

UNITED STATES OF AMERICA,
    plaintiff,

vs.

HUASCAR MEJIA-GONZALEZ,
    defendant.
_____/

**DEFENDANT'S CONSOLIDATED OBJECTIONS TO PSI REPORT-SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE SENTENCE**

MAY IT PLEASE THE COURT;

Comes now, defendant, HUASCAR MEJIA-GONZALEZ, by counsel files his response to the PSI Report; sentencing memorandum and motion for downward variance sentence as follows:

    1.    Defendant objects to paragraph 148 of the PSI Report and submits that there are case specific facts which support a downward variance sentence by the court below the final guideline sentence in paragraph 134; Guideline Provisions: Based upon a total offense level of 31 and a criminal history category of I, the guideline imprisonment range is 108 to 135 months.

    2.    Defendant submits that the applied case and investigation facts particular to this case as set forth in paragraphs 16 and 53 supports a factual basis for a

1

downward variance sentence below the guidelines in order to avoid any sentencing disparity.

3. Defendant submits that the physical health hardship facts as set forth in paragraphs 109-112 support a factual basis for a downward variance sentence below the guidelines.

4. Defendant submits that the mental health hardship facts as set forth in paragraphs 113-115 support a factual basis for a downward variance sentence below the guidelines.

5. Defendant submits that the financial support for his 5 year old son and the strong family support facts as set forth in paragraphs 101-104 and 107 support a factual basis for a downward variance sentence below the guidelines.

6. Defendant submits that his substance abuse history outlined in paragraphs 116-119 supports a factual basis for a downward variance sentence as applied in this case as in addition to substance addiction mitigation evidence; defendant would otherwise be a prime candidate for the BOP RADAP drug program (paragraphs 116-119 cover prior substance abuse history) however because he will have an immigration detainer he will not receive any treatment or incentive gain time benefits therefrom.

7. Defendant submits that prior to his arrival in the United States he served jail time in the Dominican Republic

awaiting extradition and he will not receive credit for that time from BOP and submits that the lost credit for time served provides a factual basis for a downward variance sentence below the guidelines.

8. Defendant submits that upon the completion of his prison sentence that he will certainly be deported from the United States to the Dominican Republic and that his deportation in-custody time will not be credited by BOP toward his sentence thus he will serve even more time in custody on any sentence than a U.S. citizen which supports a factual basis for a downward variance sentence.

9. Legal Remedy:  Mitigation of sentence is the available legal remedy under the facts of this case.

10. The court is required to impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with any needed correctional treatment or training. 18 U.S.C. § 3553(a)(2).

11. The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences

available, the sentencing range established by the applicable Sentencing Guidelines provision, any pertinent policy statement issued by the Sentencing Commission, the need to avoid sentencing disparities between similarly situated defendants, and the need to provide restitution to any victims in the case. Id. § 3553(a)(1), (3)-(7).

12. While the court is required consider each § 3553(a) factor, it need not single out each factor individually. United States v. Goldman, 953 F.3d 1213, 1222 (11th Cir. 2020) The weight that each § 3553(a) factor receives is a matter within the sound discretion of the district court. United States v. Williams, 526 F.3d 1312, 1323 (11th Cir. 2008).

13. Before the court appears the defendant and requests a mitigated sentence below the guideline range based upon the specific case facts set forth above, all of which mitigate in favor of a sentence below the guidelines.

14. Other matters ore tenus at sentencing hearing.

WHEREFORE, defendant HUASCAR MEJIA-GONZALEZ respectfully requests this court to sustain the foregoing objection and order the PSI Report amended accordingly and further, respectfully requests this court to grant his motion and impose a lenient sentence with a downward variance sentence below the guidelines

which is sufficient but not greater than necessary to meet the purposes of 18 U.S.C. 3553(a).

Dated December 26th, 2024.

I CERTIFY that a copy of this motion was delivered to the U.S. Attorney and all parties via counsel by electronic filing on December 26, 2024.

/s/ A. Wallace

_____
ARTHUR L. WALLACE, III, ESQ.
Counsel for the Defense
Florida Bar No. 769479
**Arthur Wallace**
Attorney at Law PLLC
1835 E. Hallandale Bch. Blvd.
Ste. 784
Hallandale Bch., Florida 33009
**Phone/Text: (954) 213-4032**
Email: WallaceLawFirm@Yahoo.com